FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 2 5 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

AUGUSTUS SCLAFANI,

Defendant.

08-CR-76

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

---

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted). Although a written statement of reasons pursuant to

1

18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On May 29, 2008, Augustus Sclafani pled guilty to count seventy-five of an eighty-count superseding indictment, which charged that between March 2007 and January 2008, the defendant, together with others, conspired to extort money relating to the sale of John Doe #4's Staten Island cement company, with the consent of John Doe #4 induced through wrongful use of actual and threatened force, violence and fear, in violation of 18 U.S.C § 1951(a).

Sclafani was sentenced on January 30, 2009. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be thirteen and defendant's criminal history category to be level one, yielding a guidelines range of imprisonment of between twelve and eighteen months. A two-level enhancement pursuant to U.S.S.G. § 2B3.2(b)(1) was applied because John Doe #4 was subject to an implied threat of violence in light of this defendant's status in the organized crime family, which carries a reputation for violence. The offense carried a maximum term of imprisonment of twenty years. See 18 U.S.C § 1951. The guidelines range of fine was between $3,000 and $30,000.

Sclafani was sentenced to twelve months and one day of imprisonment and three years supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine. The issue of

restitution owed to crime victims was left to be determined at an upcoming evidentiary hearing on February 26, 2009.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A sentence within the guidelines range is appropriate in this case. See 18 U.S.C. § 3553(a)(4)(A).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The seriousness of the offense is obvious: the defendant is a member of a mob which uses violence and fear to maintain a stranglehold on the region's construction and other industries. The defendant is sixty-eight years old and suffers from heart problems for which he requires surgery. The defendant and his wife are the primary caregivers for their grandchildren. A sentence at the low end of the guidelines range reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the prison sentence imposed. The sentence will send a clear message that involvement in organized crime will result in a substantial prison sentence. Specific deterrence is not required in this case. It is unlikely that the defendant will engage in further criminal activity in light of his age, family circumstances and health problems.

Jack B. Weinstein
Senior United States District Judge

3

Dated: February 18, 2009
Brooklyn, New York